The decision below is signed as a decision of the court.

Signed: August 16, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORP. , *et al.*, | ) | (Chapter 11) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SAM J. ALBERTS, TRUSTEE FOR | ) | |
| THE DCHC LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. |
| | ) | 04-10453 |
| v. | ) | |
| | ) | |
| GARY GIETZ MASTER BUILDERS, | ) | |
| A.C.C., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION RE JURY
TRIAL ISSUE AND MAKING RECOMMENDATION
<u>TO DISTRICT COURT REGARDING MOTION TO WITHDRAW THE REFERENCE</u>

The Bankruptcy Court concludes that the right to a jury trial in this adversary proceeding has not been waived, and that any jury trial would have to be conducted before a District Judge, but that certain motions could appropriately be disposed of in the Bankruptcy Court that might moot the necessity of a jury trial.  Accordingly, the Bankruptcy Court recommends that

the District Court act on the pending Motion to Withdraw the Reference (pending as Miscellaneous No. 05-00304-TFH in the District Court) by entering an order that directs that the District Court will enter an order withdrawing the reference as to a count of the Amended Complaint if, as to that count, notification (accompanied by a proposed order) is filed in Miscellaneous No. 05-00304-TFH in the District Court advising that:

> (1) the Bankruptcy Court has denied all timely filed motions for summary judgment as to that count; or
>
> (2) the Bankruptcy Court has granted a motion to determine that the count could not be referred to the Bankruptcy Court,

and directing that otherwise the Motion to Withdraw the Reference will stand denied without prejudice to a renewal based on further developments in the adversary proceeding.  A proposed order is attached hereto as Attachment A.

I

THE RIGHT TO A JURY TRIAL WAS NOT WAIVED

Although the issue of whether the defendant waived its right to a jury trial is subject to being determined *de novo* by the District Court, the Bankruptcy Court concludes that the defendant did not waive its right to a jury trial.  The defendant timely demanded a jury trial, and does not consent to the jury trial

being conducted in the Bankruptcy Court.  Under 28 U.S.C. § 157(e):

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct a jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

The defendant accordingly moved for a withdrawal of the reference based on its right to a jury trial.  The plaintiff contends that the defendant waived its right to a jury trial by failing to request the District Court to withdraw the reference within the time specified by DCt.LBR 5011-2(b).

The right to a jury trial did not evaporate when the defendant declined to consent to a jury trial being conducted in the Bankruptcy Court: it is implicit in § 157(e) that a refusal to consent to a jury trial before a bankruptcy judge cannot destroy the right to a jury trial.  Under 28 U.S.C. § 157(d), "[t]he district court may withdraw . . . [the] proceeding . . . on its own motion," and that would include withdrawing the proceeding upon being notified by the Bankruptcy Court that a jury trial has been demanded that the Bankruptcy

Court is not authorized to conduct.[1] In such a withdrawn proceeding, the right to a jury trial would continue to exist: it would not have disappeared based on the defendant's having failed to move for a withdrawal of the reference or having failed to move for such within the time limit specified by DCt.LBR 5011-2(b) for filing such a motion.[2]

II

THE REFERENCE OUGHT NOT BE
WITHDRAWN AS TO ANY COUNT OF THE
AMENDED COMPLAINT UNTIL THE
BANKRUPTCY COURT DISPOSES OF CERTAIN MOTIONS

Discovery has been completed. The parties have been given until September 14, 2007, to file motions for summary judgment as to Counts One, Two, and Five of the Amended Complaint. Because those motions may dispose of those counts of the Amended

---

[1] The demand for a jury trial was not made until after the deadline set by Rule 5011-2(b) had expired, and it would thus be appropriate to enlarge the time for seeking a withdrawal of the reference. But the point is that the reference will need to be withdrawn, if it becomes ripe for a jury trial, regardless of whether the District Court is prompted to address the issue of withdrawal of the reference by a party's motion, by the recommendation of the Bankruptcy Court, or by the District Court's own initiative.

[2] In other words, the continued existence of the right to a jury trial after the Rule 5011-2(b) deadline has passed does not turn on whether the Bankruptcy Court is authorized to conduct the jury trial under § 158(e). The continued existence of that right to a jury trial could be destroyed neither by the District Court's declining to specially designate the Bankruptcy Court to conduct the jury trial nor by the absence of consent of all parties to the Bankruptcy Court's conducting the jury trial. In either event, the jury trial right would continue to exist and the jury trial would have to be tried in the District Court.

4

Complaint, there is no need to withdraw the reference prior to those motions being decided.  A grant of summary judgment would preclude a jury trial and thus moot the ground upon which withdrawal of the reference was sought.

The defendant has additionally been given until September 14, 2007, to file a motion to determine that Counts Three, Four, and Five of the Amended Complaint could not properly be referred to the Bankruptcy Court based on this court's decision in <u>Premium of America, LLC v. Sanchez (In re Premium Escrow Services, Inc.)</u>, 342 B.R. 390 (Bankr. D.D.C. 2006).  The motion should be susceptible of prompt disposition.  It makes sense for the District Court to withdraw any of those counts if the Bankruptcy Court decides that the count could *not* be referred to it.  But if the Bankruptcy Court decides that one or more of those counts *could* be referred to the Bankruptcy Court, it makes sense to defer withdrawing that count (or counts) until the Bankruptcy Court resolves all dispositive motions concerning those counts properly referred to it.

Based on <u>Premium Escrow</u>, it is likely that I will determine that Counts Three and Four could not be referred to the Bankruptcy Court, thus necessitating a withdrawal of the reference of those counts.[3]  <u>Premium Escrow</u> left open the

---

[3] I likely will rule that Count Five was properly referred to the Bankruptcy Court.

question whether claims that could not be referred to a bankruptcy court, like the ones addressed in <u>Premium Escrow</u>, nevertheless could be heard by the District Court based solely on the supplemental jurisdiction statute, 28 U.S.C. § 1367, in conjunction with the bankruptcy jurisdiction statute, 28 U.S.C. § 1334.[4]  See <u>In re Premium Escrow Services, Inc.</u>, 342 B.R. at 403-04.  Accordingly, if I decide that Counts Three and Four could not be referred to the Bankruptcy Court, I will promptly alert the District Court so that Counts Three and Four may be withdrawn in order to start addressing whether the District Court itself could exercise jurisdiction over those counts, even if the motions for summary judgment regarding other counts have not yet been decided.[5]

In the unlikely event that I determine that Counts Three and Four could be referred to the Bankruptcy Court, then it would be advisable not to withdraw the reference until motions for summary

---

[4]  The claims in <u>Premium Escrow</u> having been ones that could not be referred to the Bankruptcy Court, the issue of whether the District Court would have jurisdiction over the claims was not one for the Bankruptcy Court to decide.

[5]  Because of the substantial question of jurisdiction as to Counts Three and Four, I did not set a deadline for motions for summary judgment regarding Counts Three and Four.  It would make sense to dispose of the jurisdictional question first.  As to Count Five, however, it appears quite likely that I will find that the count could be referred to the bankruptcy court and that there is subject matter jurisdiction under § 1334.

judgment are filed and disposed of in the Bankruptcy Court.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

Attachment A

Proposed Order for Consideration of District Court

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

In re                                 )
                                      )
GREATER SOUTHEAST COMMUNITY           )    [Case No. 02-02250
HOSPITAL CORP. , *et al.*,            )     (Chapter 11)
                                      )     in the Bankruptcy Court]
            Debtors.                  )
_____        )
                                      )
SAM J. ALBERTS, TRUSTEE FOR           )
THE DCHC LIQUIDATING TRUST,           )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    Misc. No. 05-00304-TFH
                                      )
GARY GIETZ MASTER BUILDERS,           )    [Adversary Proceeding No.
A.C.C.,                               )    04-10453
                                      )     in the Bankruptcy Court]
            Defendant.                )

## ORDER REGARDING MOTION TO WITHDRAW THE REFERENCE

Upon consideration of the Motion to Withdraw the Reference and its related papers, and the *sua sponte* recommendation of the Bankruptcy Court, it is

ORDERED that this Court will enter an order withdrawing the reference as to a count of the Amended Complaint if, as to that count, notification is filed in this Miscellaneous matter that:

    (1) the Bankruptcy Court has denied all timely filed motions for summary judgment as to that count; or

    (2) the Bankruptcy Court has granted a motion to determine that the count could not be referred to the Bankruptcy Court,

and if a proposed order for such withdrawal is submitted with the

notification.  It is further

    ORDERED that the Motion to Withdraw the Reference will otherwise stand denied without prejudice to a renewal based on further developments in the adversary proceeding.

    SO ORDERED.

Dated: _____.

                                        Thomas F. Hogan
                                        Chief Judge

Copies to: Sam J. Alberts, Esq.; Mary Joanne Dowd, Esq.; Clerk, Bankruptcy Court; Honorable S. Martin Teel, Jr.